# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Derek Michael Chauvin (1),<br>Tou Thao (2),<br>J. Alexander Kueng (3), and<br>Thomas Kiernan Lane (4),<br><br>Defendants. | Case No. 21-cr-108 (PAM/TNL)<br><br><br><br>**ORDER** |

## I. INTRODUCTION

This matter comes before the Court on the Government's Unopposed Motion to Designate Case as Complex Under the Speedy Trial Act as to Defendants Tou Thao, J. Alexander Kueng, and Thomas Kiernan Lane (ECF No. 44) and Unopposed Motion to Designate Case as Complex Under the Speedy Trial Act as to Defendant Derek Michael Chauvin (ECF No. 52). These motions are largely identical; each motion requests that the Court designate this matter as a complex case for purposes of the Speedy Trial Act and continue deadlines. (*Compare* ECF No. 44 *with* ECF No. 52.)

## II. MOTIONS TO DESIGNATE CASE AS COMPLEX

In support of its motions, the Government states that "while the underlying facts of the crime alleged in the indictment are relatively limited in scope, the nature of the prosecution presents challenges" and these challenges make the case and discovery process

1

complex.[1] (ECF No. 44 ¶ 2.) The Government notes that while the facts alleged in the indictment are tied to a single day, disclosures have, and will continue to be, voluminous. (*See id.*) This includes information derived from "independent but coordinated investigations" conducted by federal and state agencies for multiple prosecutions based on the same conduct in state court. (*Id.*) Further, the Government anticipates that the state court trial of Defendants Thao, Kueng, and Lane, currently set for March 2022, will generate additional relevant discovery, which will require supplemental disclosures in excess of the discovery previously generated by the trial of Defendant Chauvin in state court. (*Id.*)

The Government provides additional detail as to this voluminous discovery, including that responses to grand jury subpoenas have yielded "thousands of documents and items of media" and the Government currently possesses "hundreds of gigabytes of media data and document discovery (totaling tens of thousands of pages and media items)." (*Id.* ¶ 3.) Because of the volume of data involved, discovery in this matter is being processed out of state. (*Id.*)

The Government also highlights that this matter is likely to produce testimony by multiple expert witnesses for both the Government and the defense, and the reports produced by these experts may be subject to pretrial litigation. (*Id.*) Lastly, the Government states that the "processing and disclosure of records in this case is also made complex" by efforts to provide the voluminous discovery to defense counsel in an

---

[1] For the sake of efficiency, because the Government relies on the same factual bases in both motions for designating this case as complex, the Court cites to the initial motion (ECF No. 44) unless otherwise noted.

organized manner. (*Id.* ¶ 4.)

In sum, the Government asserts that the case's complexity, as well as "the nature of the investigation and prosecution, including but not limited to the complicated factual and legal issues involved, expected expert testimony, and the volume of discovery the Government will produce" necessitates an enlargement of time periods allowed by the Speedy Trial Act. (*Id.* ¶ 7.) The Government requests a continuance of all deadlines "by at least 60 days." (*Id.* at p. 5.) There has been no objection by Defendants. (*See id.* ¶ 8; ECF No. 52 ¶ 8.)

The Court finds, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv), that due to the large amount of discovery, the nature of the evidence collected, and the number of expected expert witnesses, this case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the time limits established by the Speedy Trial Act. The Court additionally finds, pursuant to 18 U.S.C. § 3161(h)(7)(A), that the ends of justice served by granting such a continuance outweigh the best interests of the public and Defendants in a speedy trial and such continuance is necessary to provide the Government, Defendants, and the parties' respective attorneys reasonable time necessary for effective preparation.

The Government's Unopposed Motions to Designate Case as Complex Under the Speedy Trial Act (ECF Nos. 44 & 52) are **GRANTED.** This case is hereby designated as "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv).

## III. GENERAL ORDER NO. 28

Beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, addressing, among other things, criminal proceedings and trials.[2] On April 29, 2021, Chief Judge Tunheim entered General Order No. 28, which allows limited in-person proceedings to start on May 3, 2021, for defendants who decline to consent to conducting the proceeding using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available. *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 28 (D. Minn. Apr. 29, 2021). General Order No. 28 states that because only limited in-person proceedings may be held each day, criminal proceedings may be continued until the date that the criminal proceeding takes place.

General Order No. 28 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.[3] General Order No. 28 further provides that the presiding judge will enter orders in individual cases to extend deadlines and exclude time under the Speedy

---

[2] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

[3] *See also* General Order No. 27, which went into effect on March 25, 2021, vacated General Order No. 24, and extended the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota." *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 27 (D. Minn. Mar. 24, 2021).

Trial Act to address delays attributable to COVID-19. **Accordingly, on or before August 3, 2021, counsel shall file a letter indicating whether that Defendant consents to arraignment and a motions hearing by videoconference.**[4]

## IV. ARRAIGNMENT NOTICE

**PLEASE TAKE NOTICE** that, subject to further order of the Court, an arraignment hearing will be held before the undersigned United States Magistrate Judge on **September 14, 2021** at **9:30 a.m.**, in **Courtroom 9W**, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota 55415.

## V. SCHEDULE

1. Pursuant to 18 U.S.C. § 3161(h)(7)(A), and for the reasons stated herein, the Court finds that the ends of justice served by the granting of this continuance outweigh the best interest of the public and the Defendants in a speedy trial. The period of time from **May 20, 2021 through September 14, 2021** shall be excluded from Speedy Trial Act computations in this case.

2. The Government shall make all disclosures required by Federal Rule of Criminal Procedure 16(a) by **July 20, 2021**. D. Minn. LR 12.1(a)(1). In order to avoid the need for a recess of the motions hearing, the Government is requested to make, by **July 20, 2021**, all disclosures which will be required by Fed. R. Crim. P. 26.2 and 12(h).

---

[4] As of the date of this Order, Defendants Lane and Thao have consented to arraignment and a motions hearing by videoconference. (ECF Nos. 45, 47 & 54.) Defendant Kueng initially consented to arraignment and a motions hearing by videoconference (ECF No. 49), but in a subsequent filing (ECF No. 53) indicated consent as to arraignment only. If it was not Defendant Kueng's intention to withdraw consent for a motions hearing by videoconference, he should so clarify.

3. Pursuant to the Due Process Protections Act, the Court confirms the Government's obligation to disclose to Defendants all exculpatory evidence- that is, evidence that favors Defendants or casts doubt on the Government's case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and orders the Government to do so. Failure to do so in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

4. Defendants shall make all disclosures required by Federal Rule of Criminal Procedure 16(b) by **July 27, 2021**. D. Minn. LR 12.1(a)(2).

5. All motions in the above-entitled case shall be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **August 3, 2021**.[5] D. Minn. LR 12.1(c)(1). Two courtesy copies of all motions and responses shall be delivered directly to the chambers of Magistrate Judge Tony N. Leung.[6]

6. **Counsel shall also file a letter on or before August 3, 2021, indicating whether that Defendant consents to arraignment and a motions hearing by video conference.**[7]

7. **Counsel shall electronically file a letter on or before August 3, 2021, if no motions will be filed and there is no need for a hearing.**

8. All responses to motions shall be filed by **August 17, 2021**. D. Minn. LR

---

[5] "Before filing a motion under Fed. R. Crim. P. 12(b), the moving party must confer with the responding party. The parties must attempt in good faith to clarify and narrow the issues in dispute." D. Minn. LR 12.1(b).
[6] U.S. Mail or hand-deliver to 300 South Fourth Street, Suite 9W, Minneapolis, MN 55415.
[7] *See supra* n.4.

12.1(c)(2).

9. Any Notice of Intent to Call Witnesses[8] shall be filed by **August 17, 2021**. D. Minn. LR 12.1(c)(3)(A).

10. Any Responsive Notice of Intent to Call Witnesses[9] shall be filed by **August 23, 2021**. D. Minn. LR 12.1(c)(3)(B).

11. Subject to further order of the Court, an arraignment hearing will be held before the undersigned United States Magistrate Judge on **September 14, 2021**, at **9:30 a.m.**, in **Courtroom 9W**, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota 55415.

12. A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

    a. The Government makes timely disclosures and a defendant pleads particularized matters for which an evidentiary hearing is necessary; or

    b. Oral argument is requested by either party in its motion, objection or response pleadings.

13. If required and subject to further order of the Court, the motions hearing shall be heard before Magistrate Judge Tony N. Leung on **September 14, 2021**, at **9:30 a.m.**, in **Courtroom 9W**, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street,

---

[8] "When a party intends to call witnesses at a hearing on a motion under Fed. R. Crim P. 12(b), the party must file a notice within 35 days after the arraignment. The notice must identify the number of witnesses whom the party intends to call, the motion or motions that each witness will be addressing, and the estimated duration of each witness's testimony." D. Minn. LR 12.1(c)(3)(A).

[9] "If after reviewing a notice under LR 12(c)(3), a party intends to call witnesses at the same hearing, that party must file a responsive notice within 38 days after the arraignment. The responsive party must identify the number of witnesses whom the party intends to call, the motion or motions each witness will be addressing, and the estimated duration of each witness's testimony." D. Minn. LR 12.1(c)(3)(B).

**MINNEAPOLIS**, Minnesota 55415.  D. Minn. LR 12.1(d).

14. **TRIAL:**

a. **IF NO PRETRIAL MOTIONS ARE FILED, the following trial and trial-related dates are:**

All voir dire questions and jury instructions must be submitted to District Judge Paul A. Magnuson on or before *a date to be determined*.

This case must commence trial on *a date to be determined* before District Judge Paul A. Magnuson in Courtroom 7D, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, **SAINT PAUL**, Minnesota 55101.

b. **IF PRETRIAL MOTIONS ARE FILED, the trial date, and other related dates, will be rescheduled following the ruling on pretrial motions.  Counsel must contact the Courtroom Deputy for District Judge Paul A. Magnuson to confirm the new trial date.**

**IT IS SO ORDERED.**

Date: June __4__, 2021             *s/Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Chauvin, et al.*
Case No. 21-cr-108 (PAM/TNL)