UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 21-cr-108 (1) (PAM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Derek Michael Chauvin, | |
| Defendant. | |

---

Manda M. Sertich, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; and Samantha Trepel, Department of Justice – Civil Rights Division, 150 M Street NE, Washington, DC 20530 (for the Government); and

Eric J. Nelson, Halberg Criminal Defense, 7900 Xerxes Avenue South, Suite 1700, Bloomington, MN 55431 (for Defendant).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 (ECF No. 51);

2. Defendant's Pretrial Motion for Disclosure of 404(b) Evidence (ECF No. 92);

3. Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant (ECF No. 93);

4. Defendant's Pretrial Motion for Disclosure of Grand Jury Minutes and Transcript (ECF No. 94);

5. Defendant's Pretrial Motion for Early Disclosure of Jencks Act Material (ECF No. 95);

6. Defendant's Pretrial Motion for List of Government Witnesses (ECF No. 96);

1

7. Defendant's Pretrial Motion for Discovery and Inspection (ECF No. 97);

8. Defendant's Pretrial Motion for Discovery and Inspection of Expert Witness Testimony (ECF No. 98);

9. Defendant's Pretrial Motion for Government Agents to Retain Rough Notes (ECF No. 99);

10. Defendant's Pretrial Motion for Discovery and Inspection of Records of All Electrical Surveillance (ECF No. 100); and

11. Defendant's Pretrial Motion for Participation by Counsel in Voir Dire (ECF No. 101).

A hearing was held via Zoom videoconferencing technology on September 14, 2021.[1] (ECF No. 115.) Assistant United States Attorneys Manda Sertich and Samantha Trepel appeared on behalf of the United States of America (the "Government"). Attorney Eric J. Nelson appeared on behalf of Defendant Derek Michael Chauvin. Based upon the record, memoranda, oral arguments of counsel, and the agreement of the parties as noted at the hearing, **IT IS HEREBY ORDERED** as follows:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 (ECF No. 51) is **GRANTED**.

This motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2. Defendant does not object to this motion and it is granted in all respects.

2. Defendant's Pretrial Motion for Disclosure of 404(b) Evidence (ECF No. 92) is **GRANTED IN PART** and **DENIED IN PART**.

---

[1] Defendant previously consented to the motions hearing being conducted by videoconferencing. (ECF No. 86.) He also consented to the proceedings being held by way of videoconferencing on the record during the hearing.

Defendant requests that the Government "immediately disclose any 'bad act' or 'similar course of conduct' evidence it intends to offer at trial" pursuant to Federal Rule of Evidence 404(b) and "identify the witnesses through whom such evidence will be presented at trial." (ECF No. 92 at 1.) The Government states that it "has already made significant disclosures of such evidence, is fully aware of its disclosure and notice obligations under Fed. R. Evid. 404, and intends to comply fully with those obligations." (Gov't's Consol. Resp. at 6, ECF No. 108.) The Government also requests that this Order "be strictly drawn to require no more than what is encompassed by the Rule." (*Id.* at 7.) It proposes making its disclosures 30 days before trial "to the extent such evidence has not already been disclosed by that date." (*Id.* at 6.) At the hearing, Defendant was satisfied with the Government's proposed timeline for disclosure. (Tr. 21:11-12, ECF No. 118.)[2]

Rule 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

---

[2] The Court notes that, although the transcript has been temporarily sealed to allow for the process of redacting any personal identifiers, *see generally* D. Minn. LR 5.5, any notice of intent to request redaction was due September 23, 2021, and no such notice was filed. (ECF No. 118.)

3

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Moreover, Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971); *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

Therefore, consistent with the parties' agreement, no later than 30 days prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), "articulat[ing] the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). Defendant's motion is otherwise denied. If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C).

3. Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant (ECF No. 93) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks disclosure of evidence favorable to him under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. (ECF No. 93 at 1.) Defendant specifically asks the Court to order the Government to "review the files of all agencies involved in the case to determine whether any additional exculpatory material exists," it disclose any such material, and "further direct all law enforcement agencies involved in any way with this case and its underlying investigation [to] disclose all exculpatory materials." (*Id.* at 1-2.) Defendant also requests that the Government's disclosures include: statements of any indicted or unindicted witnesses which either exculpate Defendant or contradict the statement of other witnesses; reports of interviews relating to any such statements; prior convictions of prospective Government witnesses; any offers or promises made to prospective Government witnesses; and identification information related to Defendant. (*Id.* at 2.) The Government responds that it is aware of and will continue to comply with its discovery obligations under *Brady*, *Giglio*, and their progeny. (Gov't's Consol. Resp. at 3-4.)

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87); *see United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically

5

requested the information.") (citations omitted). "The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *accord Dones-Vargas*, 936 F.3d at 722; *see Whitehill*, 532 F.3d at 753. "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *Polk*, 715 F.3d at 249 (quotation omitted); *see Hamilton*, 452 F.2d at 479 ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. Mar. 9, 2006) ("The statements of a non-witness are not discoverable.").

Defendant's motion is granted in part to the extent that the Government shall comply

6

fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act and Federal Rule of Criminal Procedure 26.2 materials. If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery. The parties are encouraged to meet and confer regarding the disclosure of Jencks Act materials. *See infra* ¶ 5.

To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or seeks materials that have already been produced, such requests are denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery."). Further, to the extent Defendant seeks the statements of non-testifying witnesses not otherwise encompassed within the Government's disclosure obligations, these requests are likewise denied. *See Hamilton*, 452 F.2d at 479; *Wisman*, 2006 WL 587601, at *2.

4. Defendant's Pretrial Motion for Disclosure of Grand Jury Minutes and Transcript (ECF No. 94) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks disclosure of the minutes and transcripts of the grand jury. (ECF No. 94 at 1.) The Government responds that it has "already disclosed the vast majority of grand jury transcripts" and will produce the grand jury transcript for any witness it intends to call at trial. (Gov't's Consol. Resp. at 9.) It objects to any order which would require disclosure of transcripts in advance of the corresponding witness's testimony except to the extent that it agrees to meet and confer regarding the reciprocal disclosure of Jencks Act materials. *See infra* ¶ 5.

"It has long been recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. This principle is reflected in Federal Rule of Criminal Procedure Rule 6(e) which establishes a general rule of confidentiality for all matters occurring before the grand jury." *United States v. McDougal*, 559 F.3d 837, 840 (8th Cir. 2009) (quotation and citation omitted). "Exceptions to the rule of nondisclosure will be made only where there is a 'particularized need.'" *United States v. Haire*, 103 F.3d 697, 699 (8th Cir. 1996); *accord United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) ("It is well-established that a showing of 'particularized need' is necessary before the court will accede to such a release."). Defendant has not made any showing of particularized need. Therefore, Defendant's motion is denied except to the extent the Government is required to disclose such materials under the Jencks Act; Federal Rules of Criminal Procedure 12(h) and 26.2; and *Brady*, *Giglio*, and their progeny. *See United States v. Daniels*, 232 F. App'x 611, 612 (8th Cir. 2007) (per curiam) (no abuse of discretion in denying motion for grand jury transcripts given defendant's "failure to make any showing in support of his request for them"); *Broyles*, 37 F.3d at 1318.

5. Defendant's Pretrial Motion for Early Disclosure of Jencks Act Material (ECF No. 95) is **DENIED**.

Defendant seeks early disclosure of Jencks Act materials, requesting that such materials be disclosed 30 days before trial. (Tr. 22:17-21.) The Government objects to any Court-ordered early disclosure but agrees to meet and confer with defense counsel about a deadline for disclosure at a later date. (Gov't's Consol. Resp. at 5-6; Tr. 23:1-6.)

By its terms,

8

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of his testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996). Defendant's request for early disclosure of Jencks Act materials is denied. While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages the parties to meet and confer to discuss disclosure of such materials.

6. Defendant's Pretrial Motion for List of Government Witnesses (ECF No. 96) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests that the Government produce its witness list at least 30 days prior to trial, "particularly the witnesses it intends to call in its case in chief." (Tr. 25:7-10.) He has no objection to reciprocal disclosure of his own witnesses. (Tr. 25:10-11.) Though Defendant's motion requests that the addresses of these witnesses also be disclosed, he is "willing to work with the Government to identify whether there are any issues in that regard." (Tr. 25:11-13.) The Government has agreed to provide a potential witness list which identifies the witnesses it may call in its case-in-chief at least 30 days prior to trial. (Gov't's Consol. Resp. at 10; Tr. 25:16-21.) Noting that it does not typically provide witness's addresses to defendants, the Government has agreed to work with

9

defense counsel to "provide appropriate notice." (Tr. 25:21-23.)

As stated above, *see supra* ¶¶ 2-3, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *Polk*, 715 F.3d at 249 (quotation omitted); *see also Miller*, 698 F.3d at 704.

Therefore, consistent with the Government's proposal and the parties' agreement, no later than 30 days prior to trial, the parties shall make reciprocal witness disclosures which include the potential witnesses each will call in their case-in-chief. Defendant's motion is otherwise denied.

7.     Defendant's Pretrial Motion for Discovery and Inspection (ECF No. 97) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant generally seeks materials subject to disclosure under Rule 16(a)(1)(A) through (F) of the Federal Rules of Criminal Procedure as well as the identification and statements of governmental and non-governmental witnesses, and an order for continuing disclosure. Defendant also requests expert witness disclosures. (ECF No. 97 at 2.)

The Government "has no objection to providing Rule 16 discovery" and states it "will continue to disclose additional materials as they are available." (Gov't's Consol. Resp. at 2-3.) The Government does, however, object to the extent Defendant seeks discovery outside of Rule 16. (*Id.* at 3.)

Defendant's motion is granted in part to the extent his discovery requests seek responsive information subject to disclosure under Rule 16(a)(1)(A) through (F) that remains in the Government's control and has not yet been produced. Defendant's motion is further granted in part to the extent his discovery requests seek discovery and disclosures

ordered produced elsewhere in this Order or that the Government is otherwise obligated to disclose by law. *See, e.g.*, *supra* ¶ 3. Defendant's discovery requests are denied in all other respects. *See Johnson*, 228 F.3d at 924. Except as otherwise set forth in this Order, the Government shall produce the discovery ordered herein as soon as practicable.

And, while the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.

Finally, to the extent this motion requests expert witness disclosures, the Court grants in part and denies without prejudice in part the request. *See infra* ¶ 8.

8.  Defendant's Pretrial Motion for Discovery and Inspection of Expert Witness Testimony (ECF No. 98) is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**.

Defendant requests the disclosure of any expert testimony under Rules 702, 703, or 705 of the Federal Rules of Evidence. *See* Fed. R. Crim. P. 16(a)(1)(G). Prior to the hearing, the parties filed their Joint Motion for Expert Disclosure and Notice of Intent to Seek an Expert Scheduling Order. (*See* ECF No. 91.) The parties generally agree that disclosure of experts and expert testimony is appropriate. (*See id.*; Tr. 16:24-18:12.) The motion is granted in part as it relates to the need to disclose experts and expert testimony under Rules 702, 703, or 705. *See* Fed. R. Civ. 16(a)(1)(G). The motion is denied in part without prejudice as it relates to any particular timing for disclosures, which is more specifically set forth in the Order Denying Joint Motion. (ECF No. 131.)

9. Defendant's Pretrial Motion for Government Agents to Retain Rough Notes (ECF No. 99) is **GRANTED**.

Defendant requests an order directing that all law enforcement officers retain and preserve all rough notes and video/audio tapes gathered as part of their investigation. (ECF No. 99 at 1.) The Government does not object to the retention of rough notes but opposes their disclosure. (Gov't's Consol. Resp. at 8.) The Government further objects to this motion "to the extent [Defendant] demand[s] a general preservation order that goes beyond the scope of Rule 16, *Brady*, *Giglio*, and/or the Jencks Act." (*Id.*)

Defendant's request for the retention of rough notes and evidence is granted. To the extent that it has not already done so, the Government shall direct its agents to preserve any rough notes and evidence pertaining to this matter. If there is a dispute about whether an item in the custody of the Government should be preserved or disposed of, counsel should raise that matter in a specific motion.

10. Defendant's Pretrial Motion for Discovery and Inspection of Records of All Electrical Surveillance (ECF No. 100) is **DENIED AS MOOT**.

Defendant filed a motion seeking the disclosure of "all methods of electrical surveillance utilized by law enforcement" including wire-tapping and the interception of telephone conversations; surveillance by radio transmissions or receptions; and GPS surveillance and "triggerfish" surveillance. (ECF No. 100 at 1.)

The Government asserts no electronic surveillance was used in connection with this case. (Gov't's Consol. Resp. at 20-21.) At the hearing, Defendant agreed that this motion is moot. (Tr. 27:11-12.) The motion is therefore denied.

11. Defendant's Pretrial Motion for Participation by Counsel in Voir Dire (ECF No. 101) is **DENIED WITHOUT PREJUDICE**.

Defendant requests that his counsel be permitted to "supplement the Court's *voir dire* examination by further inquiring as to what stereotypes a prospective juror might maintain and the impact caused by this belief on the juror's impartiality." (ECF No. 101 at 1.) "Jury voir dire is an aspect of trial procedure and management that is entirely within the discretion of the trial court." *United States v. Crown*, No. 07-cr-4313 (PJS/AJB), 2008 WL 783405, at *3 (D. Minn. Mar. 24, 2008); *see United States v. Dukes*, No. 15-cr-165(14) (JRT/LIB), 2015 WL 10382395, at *7 (D. Minn. Nov. 10, 2015) ("Counsel's participation in voir dire is a matter for the trial judge shortly before trial."), *report and recommendation adopted*, 2016 WL 829902 (D. Minn. Mar. 1, 2016). Accordingly, Defendant's motion is denied without prejudice. *United States v. Jaunich*, No. 07-cr-328 (PAM/JSM), 2008 WL 114897, at *1 (D. Minn. Jan. 10, 2008) (motion for counsel to participate in voir dire should have been denied without prejudice "leaving the final decision on the participation of counsel in voir dire" to the district court).

12. All prior consistent orders remain in full force and effect.

[continued on next page]

13. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: November 29, 2021

        s/Tony N. Leung
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Chauvin*
Case No. 21-cr-108 (1) (PAM/TNL)