United States District Court
for the
District of Minnesota

**United States of America,**

       **Plaintiff,**

**vs.**

**Derek Michael Chauvin, et al.,**

       **Defendants.**

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA**

File No. 21-108 (PAM/TNL)

## FACTS

On December 28, 2021, the United States served a subpoena on the City of Minneapolis requesting production of certified records for the following:

Please provide the following for <u>each</u> subsequently listed current or former Minneapolis Police Department employee:

(1) <u>PERSONNEL RECORDS:</u> All personnel files in any form and regardless of caption concerning the below listed current or former MPD employees. Responsive materials include, but are not limited to: applications for employment; medical forms; evaluations; performance reviews; personal and professional references; commendations; awards; any other administrative actions; tests; reviews; promotions; certifications; correspondence; memoranda; and any other written documents; and

(2) <u>COMPLAINT/DISCIPLINARY RECORDS:</u> All records in any form regardless of caption pertaining to any complaint (including but not limited to internal affairs complaints), investigation, report or other proceeding, concerning the conduct of the below listed current or former MPD employees. Responsive materials include, but are not limited to: documents, interrogatories, logs, photographs, videos, audiotapes, 911 recordings, incident reports, CAD/PIMS reports, use of force reports, witness statements, and any all investigative materials collected in collections with the investigation(s).

<u>Current or Former MPD Employees:</u>
- Sgt. David Ploeger
- Sgt. Matthew Severance
- Sgt. Darrin Waletzki
- Sgt. Adrian Infante
- Sgt. Robert Dale
- Ofc. Scott Creighton
- Sgt. Chris Thompson
- Officer Daniel Dick
- Officer Hinh Dienh
- Sgt. Timothy Eck
- Sgt. Kurtis Schnoonover
- Sgt. Michael Soucy

The requested documents include private personnel data under Minnesota Statutes, Section 13.43 and other protected data. The City of Minneapolis moves to quash the subpoena under Rule 17(c) of the Federal Rules of Criminal Procedure, and under Minn. Stat. § 13.03, subd. 6 (2021). The City requests that the Court determine whether the private data can be released and consider whether a protective order should be fashioned and ordered. The City of Minneapolis is providing an attached Protective Order for the court to consider, which can be modified depending on the data that the Court orders to be released.

## ARGUMENT

The United States served a subpoena in the above-mentioned matter on the City of Minneapolis seeking extensive personnel records and complaint / disciplinary records for twelve current or former MPD employees. Presumably, the subpoena is issued under the authority of Rule 17(c), which provides in relevant part:

> (c) Producing Documents and Objects.
>
> (1) *In General.* A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    (2) *Quashing or Modifying the Subpoena.* On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

The City is objecting to the subpoena. The subpoena does not meet the legal requirements of: (1) relevancy; (2) admissibility; and (3) specificity. *See In Bowman Dairy Co. v. United States*, 341 U.S. 214, 220, 71 S.Ct. 675, 678, 95 L.Ed. 879 (1951); *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir.); and *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y.1952). Rule 17 is not intended to be used as a general "fishing expedition." *United States v. Nixon*, 418 U.S. 683, 699–700, 94 S.Ct. 3090, 3103–3104, 41 L.Ed.2d 1039 (1974).

It is doubtful that the data requested in the subpoena would be relevant and admissible. The data requested in the subpoena is broad, including basically any and all data that the City holds on twelve current or former Minneapolis Police Department employees. It is questionable that a decades-old application for employment, a pre-employment background investigation, a pre-employment psychological examination, workers compensation claims, years of performance reviews, personal and professional references, any other medical documents, and complaints that did not result in final discipline would be relevant to and admissible in the instant case.

The subpoena also requests broad categories of data that are not specific, such as medical forms, evaluations, correspondence, memoranda, and any other written documents. The subpoena fails the specificity requirement to obtain data.

The City is not involved in this case, other than as a third-party responding to a subpoena. The City would not know whether any of the data requested in the subpoena could be a statement of a witness or of a prospective witness, which would not be subject to a subpoena under Rule 17(h).

Further, the City of Minneapolis is bound by the Minnesota Government Data Practices Act, Minnesota Statutes, Chapter 13. The United States has subpoenaed documents that are private personnel data under Minnesota Statutes, Section 13.43, and protected criminal investigative data under Minnesota Statutes, Sections 13.82. Also, certain Minnesota Department of Motor Vehicle information may be protected under United States Code, Title 18, Section 2721.

Personnel data enumerated in Section 13.43, subd. 2 are public, while all other data are private data. Some of the private employee data requested in the subpoena includes the following: medical data, complaints that did not result in final discipline, data that does not document the basis for discipline, performance reviews, social security numbers, home addresses, and private data on other individuals in investigative files.

Some of the complaint / disciplinary data that may not be public under Section 13.82 may include 911 audio, body camera video, protected witness identity information, protected mandated reporter identity information, supervisor portions of use of force reports, and certain juvenile arrestee data. Further certain CAD data may be protected under United States Code, Title 18, Sections 2721 and 2725.

Under state law, when there is a request for discovery of government data that is not public, the court must consider the requirements of Minn. Stat. § 13.03, subd. 6. See State v. Lynch, 392 N.W.2d 700, 705-06 (Minn. Ct. App. 1986) (holding trial court must follow the procedure under the Data Practices Act, Minn. Stat. § 13.03, subd. 6, when police department internal affairs division files are subpoenaed); see also State v. Hopperstad, 367 N.W.2d 546, 549 (Minn. Ct. App. 1985) (holding internal investigative file was protected under Minn. Stat. §

13.39, subd. 2 as an active investigation undertaken in anticipation of a pending legal action).

Minn. Stat. § 13.03, subd. 6 provides as follows:

> Subd. 6. Discoverability of not public data. If a government entity opposes discovery of government data or release of data pursuant to court order on the grounds that the data are classified as not public, the party that seeks access to the data may bring before the appropriate presiding judicial officer, arbitrator, or administrative law judge an action to compel discovery or an action in the nature of an action to compel discovery.
>
> The presiding officer shall first decide whether the data are discoverable or releasable pursuant to the rules of evidence and of criminal, civil, or administrative procedure appropriate to the action.
>
> If the data are discoverable the presiding officer shall decide whether the benefit to the party seeking access to the data outweighs any harm to the confidentiality interests of the entity maintaining the data, or of any person who has provided the data or who is the subject of the data, or to the privacy interest of an individual identified in the data. In making the decision, the presiding officer shall consider whether notice to the subject of the data is warranted and, if warranted, what type of notice must be given. The presiding officer may fashion and issue any protective orders necessary to assure proper handling of the data by the parties. If the data are a videotape of a child victim or alleged victim alleging, explaining, denying, or describing an act of physical or sexual abuse, the presiding officer shall consider the provisions of section 611A.90, subdivision 2, paragraph (b). If the data are data subject to the protections under chapter 5B or section 13.045, the presiding officer shall consider the provisions of section 5B.11.

Section 13.03, subd. 6 provides direction to the Court as follows:

1. The Court must first decide whether the data are discoverable or releasable pursuant to the rules of evidence and of criminal, civil, or administrative procedure appropriate to the action.

2. If the data are discoverable, the Court shall decide whether the benefit to the United States outweighs any harm to the confidentiality interests of the City of Minneapolis, or any person who has provided the data or who is the subject of the data, or to the privacy interest of an individual identified in the data.

3. The Court shall consider whether notice to the subject of the data is warranted and, if warranted, what type of notice must be given.

4. The presiding officer may fashion and issue any protective orders necessary to assure proper handling of the data by the parties.

## CONCLUSION

The subpoena does not meet the legal requirements for Rule 17 of the Federal Rules of Criminal Procedures of: (1) relevancy; (2) admissibility; and (3) specificity. The subpoena requests the production of extensive private personnel data on current or former employees, which is protected under Minnesota Statutes, Section 13.43. The subpoena also requests production of not public data under Minnesota Statutes, Section 13.82, and may request protected data under 18 U.S.C. Sections 2721 and 2725.

The City requests that the Court consider initially whether the subpoena meets the legal requirements for Rule 17, and consider the requirements and direction of Minnesota Statutes, Section 13.03, subd. 6. If the Court determines that any private data can be released to the United States, the City of Minneapolis requests that the Court issue a protective order as provided by the City of Minneapolis, or in another form, to protect the privacy issues involved.

Dated: January 7, 2022

JAMES R. ROWADER, JR.
City Attorney
By

s/ *Caroline M. Bachun*
CAROLINE M. BACHUN (024370x)
Assistant Minneapolis City Attorney
210 City Hall, 350 S. 5th St.
Minneapolis, MN 55415
(612) 673-2754
*Attorney for City of Minneapolis*

**ACKNOWLEDGMENT OF POSSIBLE SANTIONS UNDER MINN. STAT. § 549.211**

The undersigned acknowledges that sanctions may be imposed under Minnesota Statutes, Section 549.211.

Dated: January 7, 2022            JAMES R. ROWADER, JR.
                                                    City Attorney
                                                    By

                                                    s/ *Caroline M. Bachun*
                                                    CAROLINE M. BACHUN (024370x)
                                                    Assistant Minneapolis City Attorney
                                                    210 City Hall, 350 S. 5th St.
                                                    Minneapolis, MN 55415
                                                    (612) 673-2754
                                                    *Attorney for City of Minneapolis*