UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

------------------------------------------------------------

United States of America,  )  File No. 21-cr-108(1)
                           )              (PAM/TNL)
        Plaintiff,         )
                           )
v.                         )
                           )
Derek Michael Chauvin,     )  Courtroom 7D
                           )  St. Paul, Minnesota
        Defendant.         )  Monday, December 15, 2021
                           )  9:00 a.m.
                           )
------------------------------------------------------------


BEFORE THE HONORABLE PAUL A. MAGNUSON
UNITED STATES DISTRICT COURT SENIOR JUDGE


**(CHANGE OF PLEA HEARING)**


Proceedings recorded by mechanical stenography;
transcript produced by computer.

```
 1      APPEARANCES:

 2       For Plaintiff:           U.S. ATTORNEY'S OFFICE
                                  BY:  ALLEN A. SLAUGHTER, JR.
 3                                     LEEANN K. BELL
                                       MANDA M. SERTICH
 4                                300 South 4th Street, #600
                                  Minneapolis, MN 55415
 5
                                  DEPARTMENT OF JUSTICE
 6                                CIVIL RIGHTS DIVISION
                                  BY:  SAMANTHA TREPEL
 7                                150 M Street NE
                                  Washington, D.C. 20530
 8
         For Defendant:           HALBERG CRIMINAL DEFENSE
 9                                BY:  ERIC J. NELSON
                                       AMY VOSS
10                                7900 Xerxes Avenue South, #1700
                                  Bloomington, MN 55431
11
         Court Reporter:          RENEE A. ROGGE, RMR-CRR
12                                United States District Courthouse
                                  300 South Fourth Street, Box 1005
13                                Minneapolis, Minnesota 55415

14

15

16

17

18

19

20

21

22

23

24

25
```

**P R O C E E D I N G S**

**IN OPEN COURT**

1

2

3          THE COURT:  Good morning, everyone.

4          As we start today, let me remind you that eight

5    days after Pearl Harbor, President Roosevelt declared

6    December 15 to be the Bill of Rights day.

7          We're here today discussing matters involving the

8    Bill of Rights, but in addition to that, I think the very

9    foundation of our system.  And I commend everyone to just

10   periodically read through the Bill of Rights, quite a

11   remarkable document, and it's extremely important that they

12   hold forth throughout the life of this country.

13          Okay.  With that, we have the matter of the United

14   States versus Chauvin.

15          With the COVID protocol involved, I'm going to ask

16   that people remain masked unless you are speaking.  If you

17   are going to be speaking, please remove your mask because,

18   quite frankly, I can't understand people when you've got the

19   masks on.

20          Secondly, while it's normal and natural for people

21   to come to the center podium in a federal court, with the

22   COVID matter, feel free to remain seated and you may respond

23   from being seated, probably with the exception of counsel

24   appearances, that we may ask that you stand and state your

25   appearance.

1          Let's talk a little bit about our agenda this

2     morning because, well, to the counsel in the room, this is a

3     routine appearance to many people who are not aware of it.

4          We will start out by having counsel note their

5     appearances.  We will then have the defendant sworn.  I'll

6     be asking that the plea agreement be summarized for the

7     record and be duly executed, to be followed by a reading of

8     the information, or waiver thereof, and the waiver of

9     indictment, if that's applicable.

10          We'll talk a little bit, then, about the maximum

11     terms, spend some time on the constitutional rights of the

12     defendant, and finally that will lead us to where the

13     questions relating to the plea will be offered.

14          After that, I will ask Mr. Slaughter to cover the

15     essential elements of the matter involved.  And at the

16     conclusion of that, the court will then be ordering a

17     presentence report and that will essentially close our

18     session today.

19          So with that, counsel, if you would please note

20     your appearances in the matter, Mr. Slaughter.

21          MR. SLAUGHTER:  Good morning, Your Honor.  Allen

22     Slaughter for the United States.  I'm here with Government

23     Counsels Trepel, Bell, and Sertich.

24          THE COURT:  Excuse me.  I'm going to ask you to go

25     much slower.

1            MR. SLAUGHTER:  I'm sorry, Your Honor.

2            THE COURT:  And whoever is appearing for the

3    government, if you would please stand.

4            MR. SLAUGHTER:  I apologize, Your Honor.  I'm here

5    on behalf of the United States, Allen Slaughter for the

6    United States.  Your Honor, would you like us to introduce

7    ourselves separately?

8            THE COURT:  You can do it.  You know them.

9            MR. SLAUGHTER:  I'm here on behalf of Government

10   Counsels Trepel, Sertich, and Bell, as well as FBI Special

11   Agent Blake Hostetter.

12           THE COURT:  Very well.  Thank you.  And that's the

13   extent of the appearances on behalf of the government?

14           MR. SLAUGHTER:  Yes, Your Honor.

15           THE COURT:  Okay.  Thank you.

16           Mr. Nelson?

17           MR. NELSON:  Thank you very much, Your Honor.

18   Eric Nelson appearing on behalf of the defendant, Derek

19   Michael Chauvin, who appears personally in custody to my

20   left.

21           THE COURT:  Okay.  Thank you very much.

22           Okay.  With that, Mr. Chauvin, if you would raise

23   your right hand to be sworn, please.

24           You do solemnly swear the testimony you shall give

25   in the matter before the court shall be the truth, the whole

1    truth, and nothing but the truth, so help you God?

2            THE DEFENDANT:  I do.

3            THE COURT:  Thank you.

4            And with that, then, Mr. Slaughter, would you be

5    kind enough to summarize the plea agreement in this matter;

6    and if it has been executed, submit it to the court.

7            MR. SLAUGHTER:  Yes, Your Honor.

8            The document at issue is entitled Plea Agreement

9    and Sentencing Stipulations.

10           We detail at paragraph 1, a paragraph entitled

11   Charges, that we anticipate the defendant will agree and

12   will be pleading guilty to Count 1 of the indictment as well

13   as Count 1 of the information.  The court has referred to

14   the information as well.  It was filed this morning.  Both

15   of those counts charge the defendant with deprivation of

16   rights, in violation of federal law.

17           We also detail it's the defendant's expectation

18   that, as part of this agreement, he will serve his sentence

19   of imprisonment in federal custody and that at the time of

20   sentencing the government agrees to move to dismiss, as to

21   Mr. Chauvin, Count 3 of the indictment in this matter as

22   well as Counts 1 and 2 of a separate indictment alleged at

23   21-cr-109.

24           Paragraph 2 on page 2 is the factual basis.  I

25   know His Honor has already indicated we will be waiting with

1      that.  That goes on for a number of pages.

2              Going to page 8, paragraph 3, we detail the waiver

3      of pretrial motions, that the defendant is knowingly,

4      willingly, and voluntarily giving up the right to have

5      pending motions resolved, to file any additional pretrial

6      motions, as well as to withdraw any motions previously

7      filed.

8              Paragraph 4 identifies additional consequences as

9      a result of the conviction -- or convictions.

10             Paragraph 5 is a description of waiver of

11     constitutional trial rights.  I know His Honor already

12     discussed that we'll be going through those separately.

13             Paragraph 6 on page 10 is entitled Statutory

14     Penalties, and it details the different potential statutory

15     penalties for both Count 1 of the indictment and Count 1 of

16     the information.

17             Going on to page 11, page -- paragraph 7 is

18     entitled Revocation of Supervised Release.  It discusses

19     that if there were a violation of any condition of

20     supervised release, there could be an additional term of

21     imprisonment.

22             Paragraph 8 is entitled Guideline Calculations,

23     Your Honor.  And here we detail the parties' acknowledgement

24     that the defendant will be sentenced in accordance with both

25     the statute as well as the guidelines and then we provide a

1    number of stipulations, our beliefs as to the guidelines

2    themselves.

3            First we address Count 1 of the indictment.  We

4    identify the underlying offense as second-degree murder and

5    the base offense level of 38.  We identify one specific

6    offense characteristic, one Chapter 3 adjustment.

7            We go on to Count 1 of the information.  We also

8    identify a separate underlying offense, the aggravated

9    assault, a base offense level of 14.  We go on to three

10   separate specific offense characteristics, a Chapter 3

11   adjustment.

12           We do, however, go on to other adjustments and we

13   address the need to have a combined offense level or the

14   considerations that are a part of the guidelines.  We

15   believe that these two counts of conviction will not be

16   grouped, resulting in an offense level of 46.

17           With a three-level reduction for acceptance of

18   responsibility, the parties believe that there will be a

19   final adjusted offense level of 43.

20           We go on to identify our beliefs that the

21   defendant's criminal history category will be I.  We

22   identify that it's not a stipulation and that an actual

23   criminal history determination will be made by the court

24   after a presentence report.

25           With those considerations, we have a paragraph

1    that's entitled Guideline Range.  If the defendant's

2    adjusted offense level is 43 and his criminal history is I,

3    the advisory guideline range is life imprisonment.

4            We go on to a number of other guideline

5    considerations, Your Honor, a fine range of 50,000 to

6    500,000 dollars, a supervised release term -- or terms, two

7    to five years, excuse me, for Count 1 of the indictment and

8    one to three years for Count 1 of the information.

9            We go on in paragraph 9, a paragraph entitled

10   Discretion of the Court, and we acknowledge that these

11   stipulations are binding on ourselves, the parties, but not

12   the court, at least these foregoing stipulations.  We also

13   acknowledge that the guidelines are advisory and that they

14   are solely within the court's discretion.  The court will

15   make its own determination regarding the guideline factors

16   and criminal history category.  We also note that if those

17   determinations are different, that the parties may not

18   withdraw from the agreement.

19           We also in paragraph 10, Your Honor, which is

20   entitled Stipulated Term of Imprisonment and Supervised

21   Release, we describe here that the United States and

22   the defendant agree, pursuant to Criminal Rule of

23   Procedure 11(c)(1)(C), four discrete items, and they are

24   identified in subparagraphs 10(a) through 10(d).

25           First, that the court should impose a sentence of

imprisonment of no less than 240 months, no greater than 300 months.

Second, at 10(b), the court should impose a five-year term of supervised release.

At 10(c), that the court should order the sentence of imprisonment imposed in this case to be served concurrent to the defendant's present extant state conviction and sentence.

And then ultimately, the last, at 10(d), that the court should adjust the sentence for any period of imprisonment that he's already served as part of his state imprisonment.

We also detail in particular, with regard to this 11(c)(1)(C) set of circumstances, that if the plea is accepted by the court, those specific paragraphs would bind the court.

We also agree to advocate for a sentence as set forth in paragraphs 10(a) through 10(d).

We also identify that the government intends to advocate for a sentence of 300 months.

We go on to acknowledge and agree that this stipulation -- set of stipulations is limited to just those issues and that this stipulation has no effect on the court's authority and discretion as to several other considerations regarding sentencing.

1          THE COURT:  Mr. Slaughter, there is a factor that

2     was involved in this paragraph 10 that was skipped over that

3     I think -- as I understand it, these sentences take into

4     consideration the fact that if the sentence is 20 years, in

5     federal parlance that means about 90 percent of the sentence

6     is served.  In state court, if a sentence is 20 years, it's

7     anticipated that two-thirds of that sentence would be

8     served.  Am I correct about that and that assumption within

9     this paragraph?

10          MR. SLAUGHTER:  That is built into this, yes, that

11     is the assumption, that there will be a greater term

12     executed as part of a federal disposition and as a part of

13     the contemplation of this set of plea circumstances.

14          THE COURT:  Okay.  Thank you.

15          MR. SLAUGHTER:  We also detail at the end of this

16     particular paragraph, Your Honor, that if the court declines

17     to accept this plea agreement and the agreed disposition set

18     out in those subparagraphs, either party could withdraw from

19     the agreement itself.

20          Paragraph 11 is entitled Special Assessments, Your

21     Honor, that there's a $100 amount for each one of the two

22     counts.

23          Paragraph 12 is entitled Restitution, that the

24     defendant understands and agrees to pay restitution in an

25     amount to be determined by the court at sentencing, and

1    there is no agreement as to that amount at this point.

2         Paragraph 13 is entitled No Contact.  The

3    defendant is agreeing to continue to have no contact,

4    directly or indirectly, with the victims of his crimes,

5    including Juvenile 1 or the estate or family of George Perry

6    Floyd, Jr.  That's while he's in custody or during

7    supervised release.

8         Paragraph 14 is entitled No Law Enforcement

9    Employment.  The defendant is agreeing and understands that

10   he'll never be eligible to work in any law enforcement

11   capacity, even once he served his prison sentence.  He also

12   agrees to permanently forfeit any law enforcement and

13   correctional officer certifications.

14        Going on to page 17, paragraph 15, it's entitled

15   Disclosure of Assets.  The defendant is -- will fully and

16   completely disclose to our office, the United States

17   Attorney's Office, the existence and location of any assets

18   over which he has either direct or indirect control, and

19   there are a number of provisions with regard to that

20   disclosure process.

21        Paragraph 16 is entitled Waivers of Appeal and

22   Collateral Attack.  The defendant is waiving his right to

23   appeal any non-jurisdictional issues, including his

24   sentence, so long as the sentence is consistent with those

25   subparagraphs in paragraph 10.  He's also waiving the right

1    to petition pursuant to 28 U.S.C. 2255, aside from a narrow

2    set of circumstances.

3            Paragraph 17 is entitled FOIA Requests and that

4    the defendant is waiving rights to obtain, directly or

5    indirectly, information about the investigation and

6    prosecution of this case pursuant to FOIA.

7            And, finally, Your Honor, paragraph 18 is entitled

8    Complete Agreement, that this is the entire agreement and

9    understanding between the United States and the defendant.

10           As to your query, Your Honor, I believe that we

11   have a signed copy of the documents.

12           THE COURT:  Okay.  And may we have a fully

13   executed copy submitted to the court?

14           MR. NELSON:  Your Honor, my client is signing it

15   now.

16           THE COURT:  Okay.  Mr. Chauvin, while you have the

17   document in hand and have just executed it -- I think I saw

18   you sign it -- have you had an opportunity to review this

19   document with your lawyer, Mr. Nelson, just literally

20   paragraph by paragraph?

21           THE DEFENDANT:  Yes, Your Honor.

22           THE COURT:  Do you understand all the terms and

23   conditions of this plea agreement?

24           THE DEFENDANT:  Yes, Your Honor.

25           THE COURT:  Have you voluntarily entered into this

1      plea agreement?

2              THE DEFENDANT:  Yes.

3              THE COURT:  And this is your signature that has

4      now been placed on the document?

5              THE DEFENDANT:  Yes, it is.

6              THE COURT:  With that, the court will receive it.

7              MR. NELSON:  May I approach, Your Honor?

8              THE COURT:  You may.

9          (Document is presented)

10             THE COURT:  May the record reflect that the court

11     is in receipt of the fully-executed document sworn on behalf

12     of the parties and place the same on file.

13             Now, Mr. Chauvin, there has been filed with the

14     court an information as to this second matter, and you have

15     the right to have that information read here in open court

16     or you may -- and I anticipate you have read the document,

17     but you may waive the reading of the information or you may

18     require the reading of the information.  Which do you

19     prefer?

20             THE DEFENDANT:  I'll waive it at this time, Your

21     Honor.

22             THE COURT:  Okay.  There's a waiver of the reading

23     of the information and that is placed on file.

24             And then, Mr. Chauvin, you also have a right to

25     have that matter of the information in the case numbered

1    108 [sic] go to a grand jury, a group of 23 people, a quorum

2    of which must be present, the majority of which must vote

3    probable cause to believe a crime has been committed and

4    that you have committed that crime.  By the same token, you

5    do have the right to waive the grand jury and have the

6    matter go forward without the indictment.

7           Do you request it go to the grand jury or do you

8    waive the grand jury?

9           THE DEFENDANT:  I waive it, Your Honor.

10          THE COURT:  And again, counsel, I hope that you

11   have in your possession a waiver of indictment form.  If you

12   do not, I have one in my hand I can give to you.

13          MR. NELSON:  We have, and it has been executed,

14   Your Honor.

15          THE COURT:  Okay.  Again, if that could be filed

16   with the court, please.

17          MR. NELSON:  May I approach?

18          THE COURT:  You may.

19      (Document is presented)

20          THE COURT:  May the record reflect that the waiver

21   of indictment has been received and is on file.

22          Now, Mr. Chauvin, at this point I'm going to start

23   to ask you a lot of questions.  You might have thought you

24   just came here to simply enter a plea, but there's a little

25   more to it than that.

1          Let's start with this.  First of all, you

2    understand if you didn't have this plea agreement, you'd be

3    looking at up to life imprisonment in this matter, to be

4    followed by a term of supervised release of up to five

5    years, a fine of up to $250,000.  You could be charged with

6    the costs of prosecution, costs of imprisonment, costs of

7    supervision.  And, finally, you will be assessed an

8    assessment of $100 as to File Number 108.  Do you understand

9    that?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  And then as to File 109 -- and,

12    incidentally, I think I stated the wrong number on the

13    previous matter, but we can correct that.

14          As to matter 109, there you are facing up to ten

15    years of imprisonment, supervised release of up to three

16    years, fine of up to $250,000, costs of prosecution, costs

17    of imprisonment, costs of supervision, and a special

18    assessment in the sum of $100.  Do you understand that?

19          THE DEFENDANT:  Yes, Your Honor.

20          THE COURT:  In addition to that, there's a

21    complete maximum penalty involved here of life imprisonment,

22    supervised release of up to five years, fine of up to

23    $500,000, costs of prosecution, costs of imprisonment, costs

24    of supervision, and a special assessment of up to $200.  You

25    realize you face all of those things but for the plea

1      agreement?

2                THE DEFENDANT:  Yes, Your Honor.

3                THE COURT:  Now, Mr. Chauvin, aside from what's

4      contained specifically in the plea agreement, have there

5      been any other promises made as to what the court would do

6      at sentencing?  In other words, are there any side deals of

7      any kind?

8                THE DEFENDANT:  Not to my knowledge.

9                THE COURT:  Do you understand you need not accept

10     this plea unless I'm satisfied of two things: one, that you

11     are guilty and, two, that you fully understand your

12     constitutional rights; do you understand that?

13               THE DEFENDANT:  Yes, Your Honor.

14               MR. SLAUGHTER:  I apologize, Your Honor.  I don't

15     know.  I might have missed it.  Do we need to have

16     Mr. Chauvin sworn?

17               THE COURT:  He was sworn at the very beginning.

18               MR. SLAUGHTER:  I apologize, Your Honor.

19               THE COURT:  I think swearing once counts.  That's

20     good enough.

21               Now, first, I'm going to go over these

22     constitutional rights.  And to a major degree, Mr. Chauvin,

23     this is going to sound as though you were going to go to

24     trial, because that's what we're really discussing here, the

25     things that you have a right to have here in a court in

1    America.

2            First of all, do you understand you have a right

3    to be represented by a lawyer at every stage of the

4    proceeding?  If you cannot afford a lawyer, a lawyer will be

5    appointed on your behalf.  Do you understand that?

6            THE DEFENDANT:  Yes.

7            THE COURT:  You also understand you have a right

8    to plead not guilty, persist in that plea of not guilty,

9    have your case go forward to trial?

10           THE DEFENDANT:  Yes.

11           THE COURT:  Further understand that you have a

12   right to a speedy trial?  I kind of smile at this.  It's

13   within 70 days of your indictment, and obviously since May

14   there's more than 70 days have gone by, but because of the

15   complex nature of it and so forth, that speedy trial thing

16   gets a lot of exceptions.  But, anyway, you are entitled to

17   a speedy trial.  Do you know that?

18           THE DEFENDANT:  Yes, Your Honor.

19           THE COURT:  Okay.  Further -- and I guess I should

20   also say that's one of the reasons I'm sure we're here,

21   because very shortly that speedy trial time would run.

22           Do you also understand you have a right to trial

23   by a jury of 12 persons that must unanimously agree that you

24   are guilty before you can be convicted; do you understand

25   that?

1      THE DEFENDANT:  Yes.

2      THE COURT:  And you also understand that at a

3   trial you have the right to assistance of counsel, that

4   Mr. Nelson can be with you at all times during a trial?

5      THE DEFENDANT:  Yes.

6      THE COURT:  Further understand that at that trial

7   you would have the right to confront, to cross-examine any

8   witnesses called against you?

9      THE DEFENDANT:  Yes.

10      THE COURT:  You also understand that you're, in

11   fact, presumed innocent until actually proven guilty?

12      THE DEFENDANT:  Yes.

13      THE COURT:  You also understand that the

14   government must prove its case against you beyond a

15   reasonable doubt?

16      THE DEFENDANT:  Yes.

17      THE COURT:  Further understand that at a trial you

18   would have a right to take the witness stand, testify and

19   tell your side of the story; do you understand that?

20      THE DEFENDANT:  Yes.

21      THE COURT:  You also understand that you cannot be

22   compelled to incriminate yourself, you have an absolute

23   right to remain silent?  And after you talked it over with

24   Mr. Nelson, if you decided not to testify, then

25   Mr. Slaughter or whoever is prosecuting the case would be

1    prohibited from commenting to the jury about your failure to

2    testify.  Do you understand all of that?

3              THE DEFENDANT:  Yes, Your Honor.

4              THE COURT:  You also understand that at a trial

5    you would have a right to a compulsory process to -- or

6    subpoena power to bring any witnesses in on your own behalf?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Now, Mr. Chauvin, you understand that

9    if this plea is accepted, as to the guilt phase of this

10    there will be no trial of any kind; do you understand that?

11              THE DEFENDANT:  Yes, Your Honor.

12              THE COURT:  You further understand that as to

13    anything involving the guilt phase, there is unequivocally

14    no right to appeal anything to a higher court; do you

15    understand that?

16              THE DEFENDANT:  Yes.

17              THE COURT:  This is the end of it.

18              You also understand that there is only a very,

19    very slight right to appeal and, quite honestly, I don't

20    know how you would get it, but there is a slight right to

21    appeal that could have to do with this sentencing guideline

22    business and if I make a mistake in the guidelines or

23    something, a sentence above the guidelines, out of reason,

24    something like that, you might have a right to appeal, but

25    it's an extremely limited right.  Do you understand that?

1          THE DEFENDANT:  Yes.

2          THE COURT:  And, further, if you ever were going

3     to take such an appeal, you have to give notice of that

4     appeal within 14 days of the date of your sentencing.  Do

5     you understand that?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Now, we've gone over a whole series of

8     rights.  Do you have any questions about any of them?

9          THE DEFENDANT:  Not at this time, Your Honor.

10          THE COURT:  Do you understand them?

11          THE DEFENDANT:  Yes.

12          THE COURT:  And do you waive these rights?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Now, again, have there been any force

15     or threats or promises made apart from this plea agreement

16     itself?

17          THE DEFENDANT:  No, Your Honor.

18          THE COURT:  Have you had any drugs or alcohol in

19     the last 24 hours?

20          THE DEFENDANT:  No, Your Honor.

21          THE COURT:  Have you had sufficient time to confer

22     with your lawyer, Mr. Nelson?

23          THE DEFENDANT:  I have, Your Honor.

24          THE COURT:  And are you satisfied with his

25     representation?  Has he done a good job for you?

1        THE DEFENDANT:  Yes, Your Honor.

2        THE COURT:  Okay.  Now we finally get down to why

3    we are here.

4        First of all, as to File Number 108, how do you

5    plead, guilty or not guilty?

6        THE DEFENDANT:  At this time guilty, Your Honor.

7        THE COURT:  And as to File 109, how do you plead,

8    guilty or not guilty?

9        THE DEFENDANT:  Guilty, Your Honor.

10       MR. NELSON:  Your Honor, I believe that was an

11   information that was added into 108.

12       MR. SLAUGHTER:  Yes, Your Honor.

13       THE COURT:  Yes, that is the information.

14       MR. NELSON:  Okay.

15       THE COURT:  And I stand corrected how we state

16   that.  As to the information, how do you plead, guilty or

17   not guilty?

18       THE DEFENDANT:  Guilty, Your Honor.

19       THE COURT:  Okay.  Thank you.

20       With that, Mr. Slaughter, you know more about what

21   happened than I.  Do you want to cover the essential

22   elements of the pleas?

23       MR. SLAUGHTER:  Certainly, Your Honor.  My

24   assumption is you don't want us to go through the entire

25   seven pages of the fact basis?

1          THE COURT:  No, I don't think so.  I think as long

2     as we cover the essential elements, that's all that's

3     necessary.

4          MR. SLAUGHTER:  Understood.

5          With that, Mr. Chauvin, I presume you have a copy

6     of this document?  I know that we've already discussed it

7     and His Honor has asked you about the various contents of

8     the agreement itself, correct?

9          THE DEFENDANT:  Correct.

10          MR. SLAUGHTER:  I'm just going to ask you a series

11     of questions, mainly out of the first paragraph, for each

12     one of the respective offense conducts.  Understood?

13          THE DEFENDANT:  Yes.

14          MR. SLAUGHTER:  All right.  As to page 2,

15     paragraph 2(a), we have identified in U.S. versus Chauvin,

16     the indictment, you would agree that on or about May 25,

17     2020, in the State and District of Minnesota, you, while

18     acting under color of law and while aided and abetted by

19     other officers, willfully deprived George Perry Floyd, Jr.

20     of his constitutional rights, correct?

21          THE DEFENDANT:  Correct.

22          MR. SLAUGHTER:  Specifically the right to be free

23     from unreasonable seizure, which includes the right to be

24     free from the use of unreasonable force by a police officer,

25     correct?

1          THE DEFENDANT:  Correct.

2          MR. SLAUGHTER:  You held your knee -- and I'm just

3    going along in that language there -- you held your knee,

4    your left knee, across Mr. Floyd's neck, back, and shoulder

5    and your right knee across Mr. Floyd's back and arm,

6    correct?

7          THE DEFENDANT:  Correct.

8          MR. SLAUGHTER:  Now, as Mr. Floyd lay on the

9    ground, handcuffed and unresisting, you kept your knees on

10   Mr. Floyd's neck and body even after Mr. Floyd became

11   unresponsive, correct?

12         THE DEFENDANT:  Correct.

13         MR. SLAUGHTER:  You would agree that this offense

14   resulted in bodily injury to and the death of George Floyd,

15   correct?

16         THE DEFENDANT:  Correct.

17         MR. SLAUGHTER:  And to be clear, this -- I know we

18   say -- this happened in Minneapolis, the City of Minneapolis

19   in the District of Minnesota, correct?

20         THE DEFENDANT:  Correct.

21         MR. SLAUGHTER:  I'll direct your attention, sir,

22   to page 6.  We have paragraph sub (b).  And in that we've

23   entitled it United States versus Chauvin, the information,

24   regarding events that happened in September 2017.  You are

25   familiar with those paragraphs as well?

1          THE DEFENDANT:  Yes.

2          MR. SLAUGHTER:  Now, again, I'm going to ask you

3     questions from that very first paragraph.  You would agree

4     that on or about September 4, 2017, in the State and

5     District of Minnesota, you, while acting under color of law,

6     willfully deprived Juvenile 1 of his constitutional rights,

7     correct?

8          THE DEFENDANT:  Correct.

9          MR. SLAUGHTER:  Specifically the right to be free

10    from unreasonable seizure, which includes the right to be

11    free from the use of unreasonable force by a police officer,

12    correct?

13         THE DEFENDANT:  Correct.

14         MR. SLAUGHTER:  Now, first, you, without legal

15    justification, held Juvenile 1 by the throat and struck

16    Juvenile 1 multiple times in the head with a dangerous

17    weapon, correct?

18         THE DEFENDANT:  Correct.

19         MR. SLAUGHTER:  And that resulted in bodily injury

20    to Juvenile 1, correct?

21         THE DEFENDANT:  Correct.

22         MR. SLAUGHTER:  Now, second, you held your knee on

23    the neck, shoulders, and upper back of Juvenile 1, even

24    after Juvenile 1 was lying prone, handcuffed, and

25    unresisting, also resulting in bodily injury to Juvenile 1,

1    correct?

2              THE DEFENDANT:  Correct.

3              MR. SLAUGHTER:  One moment, please, Your Honor.

4              THE COURT:  Thank you.

5              Counsel and Mr. Chauvin, based upon the testimony

6    presented, the court will conditionally receive the guilty

7    plea pursuant to 11(c)(1)(C).

8              I am at this time ordering a presentence

9    investigation report.

10             Mr. Smith of the probation office is sitting here

11   in the jury box, and I would order that you and your lawyer

12   meet with the probation office within the next week to get

13   started on that presentence report.

14             The court will not make final determinations with

15   respect to the plea agreement until I've had opportunity to

16   fully review the presentence report that will then be

17   completed, because, literally, pursuant to this plea

18   agreement, within a certain range the court's hands are tied

19   and I need to know what I'm doing when I deal with this.

20             I would at this time ask Mr. Nelson and

21   Mr. Chauvin -- I anticipate there is a presentence report

22   from Hennepin County from a prior proceeding, and I would

23   suggest that you might authorize Mr. Smith to get that and

24   save a lot of time in putting a presentence report together.

25   And so if we could have that assurance, I would appreciate

1    it.

2              MR. NELSON:  We will, Your Honor.

3              THE COURT:  Okay.  And with that, also, the court

4    would then order that, in the original proceeding, that the

5    other defendants be severed from Mr. Chauvin so that that

6    other proceeding can and will go forward to its natural

7    process.

8              MR. SLAUGHTER:  Your Honor, if I may?

9              THE COURT:  Yeah.

10             MR. SLAUGHTER:  I apologize, Your Honor.  I got

11   interrupted when I was doing the fact basis, but I had one

12   additional question I just wanted to ask Mr. Chauvin with

13   regard to the fact basis.

14             THE COURT:  Please do.

15             MR. SLAUGHTER:  I know His Honor asked about the

16   various language in the plea agreement.  Mr. Chauvin, you

17   agree that the facts that we put into the plea agreement,

18   all of them, line by line, and we didn't go through all of

19   them, but you agree with all of those facts, correct, sir?

20             THE DEFENDANT:  Correct.

21             THE COURT:  Okay.

22             MR. SLAUGHTER:  Thank you, Your Honor.

23             THE COURT:  Very well.  Thank you.  I think that's

24   good to do.

25             Okay.  Is there anything further to come to our

1    attention this morning?

2              MR. NELSON:  Nothing from the defense, Your Honor.

3              MR. SLAUGHTER:  Nothing from the government, Your

4    Honor.

5              THE COURT:  Okay.  With that, the court would

6    order that Mr. Chauvin continue to be held without bond.

7              And when the presentence report has been

8    completed, you will have an opportunity to review it, make

9    both oral and written comments about it, potentially have an

10   evidentiary hearing.

11             And then at the conclusion of all that, final

12   determinations will be made with respect to acceptance of

13   the -- final acceptance of the plea and, if so, move forward

14   for sentencing.

15             Anything else to come to our attention?

16             MR. SLAUGHTER:  Nothing from the government, Your

17   Honor.

18             THE COURT:  Okay.  Thank you very much.  Thank you

19   for being with us this morning.

20             (Court adjourned at 9:32 a.m., 12-15-2021.)

21                            *   *   *

22             I, Renee A. Rogge, certify that the foregoing is a

23   correct transcript from the record of proceedings in the

24   above-entitled matter.

25             Certified by:  /s/Renee A. Rogge
                              Renee A. Rogge, RMR-CRR