UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| WILLIAM PAUL SCHAETZEL,<br><br>Plaintiff,<br><br>v.<br><br>MERCY HEALTH SERVICES-IOWA,<br>MERCY MEDICAL CENTER-DUBUQUE,<br>and DOES 1-10,<br><br>Defendants. | Case No. 17CV1007-LRR |

### STATEMENT OF UNDISPUTED MATERIAL FACTS

**COMES NOW** Defendant, Mercy Health Services-Iowa d/b/a Mercy Medical Center-Dubuque (hereafter "Mercy"), by and through its attorneys, O'Connor & Thomas, P.C., and hereby submits its Statement of Undisputed Material Facts in support of its Motion for Summary Judgment:

### FACTS APPLICABLE TO ALL COUNTS

1. William Paul Schaetzel filed this suit on April 28, 2017 based on events which allegedly occurred while Harold Lindstrom was a patient at Mercy. *See generally* App. at pp. 1-6.

2. Schaetzel is the son-in-law of Harold Lindstrom. App. at p. 11.

3. Lindstrom passed away on June 26, 2015. App. at p. 38.

4. Schaetzel brings this suit as an individual and not as the authorized representative of Harold Lindstrom or Lindstrom's estate. App. at pp. 12-14.

5. The Petition currently consists of three claims,[1] with each claim based upon a specific set of facts pertinent to that claim. *See generally* App. at pp. 1-6.

## FACTS SPECIFIC TO PLAINTIFF'S DEFAMATION CLAIM (COUNT I)

6. On April 26, 2015, Schaetzel was visiting Lindstrom at Mercy. During this visit, Schaetzel grabbed a ballpoint pen and punctured an air valve on Lindstrom's feeding bottle. *See* App. at pp. 15-16

7. The attending nurse notified the nursing supervisor, Riley Miller, of Schaetzel's actions. Nurse Miller approached Schaetzel and had a brief conversation. *See* App. at pp. 17-18.

8. Schaetzel admitted what he did was wrong and informed Nurse Miller that he would not interfere with hospital medical equipment any further. *See* App. at p. 19.

9. After this conversation, Nurse Miller documented his interaction with Schaetzel in the medical record, as well as how Schaetzel punctured an air valve with a ball point pen in Lindstrom's medical records. *See* App. at p. 20.

10. Nurse Miller's note stated:

Nursing staff phoned House Supervisor to speak to Bill regarding Bill's interruption and manipulation of the patient's tube feeding. When I approached Bill two young women were scratching his head as if her [sic] were a dog and he was kicking his legs and giggling. I introduced myself and asked Bill if he was interrupting the administration of the tube feeding. He readily admitted with a smile that he, "was a physician," that he, "is a type-a personality," that he, "wanted it to go faster," that he, "thought it wasn't going fast enough," that he, "did think there was a vacuum within the bottle and so punctured it and then all of the fluid started to, well, you know, come out." I asked Bill if he understood that was not acceptable. He said, "Yes, I shouldn't have done that." I asked Bill if he intended to do that if he understood that was not acceptable. He said, "Yes, I shouldn't have done that." I asked Bill if he intended to do that again. He said, "No, I won't." I asked Bill if he knew what to do in the future should he have any questions about the tube feeding infusion or think something ought to be

---

[1] At proceedings held before Magistrate Judge Kelly Mahoney on May 1, 2018, Plaintiff agreed to voluntarily dismiss Count IV of his Petition. [DOC 41]. Thus, this Motion will not address Count IV.

done differently with the infusion. He said, "I suppose I could call the nurse, but… ok, I'll call the nurse in the future." Bill then asked if we could please increase the rate of the tube feeding so that Harold could get more tube feeding, "because he's been malnourished for so long." I explained that we do want to prevent the risk of aspiration, pneumonia, and suffocation and drowning by way of tube feeding, to which Bill responded, "Yes, yes, yes, I understand all of that; after all, I am a physician." I thanked Bill for his time and parted.

App. at p. 38.

11. Schaetzel concedes he is unaware of whether any Mercy staff ever read Nurse Miller's note. *See* App. at p. 21.

12. While Schaetzel believes his sisters-in-law read Nurse Miller's note, he also acknowledges his relationships with his sisters-in-law were already poor prior to April 26, 2015—the date on which Nurse Miller documented his interaction with Schaetzel in the medical record. *See* App. at pp. 22-24.

13. Other than his wife, Schaetzel never told anybody about the entry made by Nurse Miller regarding this event. *See* App. at pp. 25-26.

14. Schaetzel alleges Nurse Miller's notation led him to lose his guardianship. *See* App. at pp. 27-28.

15. A hearing was held on May 1, 2015 regarding whether Lindstrom required a guardianship. *See* App. at pp. 39-42.

16. On May 4, 2015, Iowa District Court Judge Michael J. Shubatt entered an order terminating Schaetzel's temporary guardianship over Lindstrom simply because there was no showing that the ward was incompetent. *See* App. at pp. 39-42.

17. The Order did not mention either the incident involving Schaetzel which occurred on April 26, 2015 or Nurse Miller's entry in Lindstrom's records. *See* App. at pp. 39-42.

## FACTS SPECIFIC TO PLAINTIFF'S
## BREACH OF CONTRACT CLAIM (COUNT II)

18. The parties to the alleged contract upon which Schaetzel sues were Schaetzel, as agent for Lindstrom, and Mercy. *See* App. at p. 29.

19. The basis of Schaetzel's breach of contract claim is an oral contract that he, as the patient's guardian, allegedly entered into with Dr. Kate Kurt on April 28, 2015. *See* App. at p. 29.

20. Schaetzel brings this suit as an individual and not as the authorized representative of Harold Lindstrom or Lindstrom's estate, the party to the contract which Schaetzel sues upon. App. at pp. 12-14.

## FACTS SPECIFIC TO PLAINTIFF'S
## INJURIOUS INTERFERENCE WITH CONTRACT CLAIM (COUNT III)

21. The parties to the alleged contract upon which Schaetzel sues were Schaetzel, as agent for Lindstrom, and Mercy. *See* App. at pp. 30-31.

22. Schaetzel brings this suit as an individual and not as the authorized representative of Harold Lindstrom or Lindstrom's estate, the party to the contract which Schaetzel sues upon. App. at pp. 12-14.

23. Schaetzel alleges the day after Lindstrom was admitted to Mercy, on Saturday, April 18, 2017, his daughter, Jennifer, was at Mercy's facilities when she allegedly overheard hospital employees say they tried to call the Iowa District Court of Dubuque County regarding Schaetzel's guardianship, but the court was closed for the day. *See* App. at pp. 32-33.

24. Schaetzel concedes he lacks any factual evidence that any ex parte communication occurred between a judge and an employee of Mercy specifically regarding Schaetzel's guardianship appointment. *See* App. at pp. 34-35.

25. Furthermore, he concedes that he lacks evidence that any alleged ex parte communication had any impact on Schaetzel's removal as the temporary guardian to Harold Lindstrom. *See* App. at pp. 34-35.

26. To the extent any alleged ex parte communications between Mercy's staff and a judge of the Iowa District Court of Dubuque County occurred, Schaetzel concedes said communications did not cause him any physical harm. *See* App. at p. 36.

27. Additionally, the full extent of Schaetzel's emotional distress as a consequence of the events alleged in Count III is that they "weighed heavily on [his] heart." *See* App. at p. 37.

**WHEREFORE**, Defendant, Mercy Health Services-Iowa d/b/a Mercy Medical Center-Dubuque, prays this Court enter an order granting summary judgment in its favor, dismissing Plaintiff's Petition with prejudice plus costs, and for such other relief as this Court deems reasonable, just, and proper under the circumstances.

Mercy Health Services-Iowa d/b/a Mercy Medical Center-Dubuque,

By: *Richard K. Whitty*
Richard K. Whitty         AT0008535
O'CONNOR & THOMAS, P.C.
1000 Main Street
Dubuque, IA 52001
Phone (563) 557-8400
Fax (888) 391-3056
rwhitty@octhomaslaw.com
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document was served upon counsel of record for each party to this action:

by:
- ✓ U.S. Mail
- ___ FAX
- ___ Hand Delivered
- ___ OvernightCourier
- ___ Federal Express
- ___ OMS
- ___ Other

on the 3rd day of May, 2018.

Signature
*Beverly Thomas Healy*

Page 5 of 6

Original to:

William Paul Schaetzel
2008 Palmer Ct
Lawrence, Kansas 66047