UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 21-108(1) (PAM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Derek Michael Chauvin, | |
| Defendant. | |

_____

Defendant Derek Chauvin filed a motion seeking discovery under Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts. That rule allows for a party to take discovery provided the Court finds that there is good cause. Understanding the discovery request and why there is good cause supporting it requires placing it in context, which requires discussing Mr. Chauvin's § 2255 claims.

Mr. Chauvin filed a § 2255 motion challenging his federal conviction. In the briefing on this motion, he argued that his motion should be granted because he was denied the effective assistance of counsel in two fundamental ways. First, his attorney, Eric Nelson, failed to inform Mr. Chauvin that a Doctor William Schaetzel had contacted Mr. Nelson and opined that Mr. Chauvin did not cause Mr. Floyd's death. Dr. Schaetzel's opinion is that Mr. Floyd died due to a catecholamine crisis when his paraganglioma secreted excessive levels of catecholamines. These excessive levels of catecholamines led to Takotsubo's myocarditis (a type of acute heart failure, or heart attack), resulting in pulmonary edema and death. Dr. Schaetzel contacted Mr. Nelson in April 2021, before Mr. Chauvin was indicted federally. So Mr. Chauvin's first ground is

a claim that Nelson provided ineffective assistance of counsel to Mr. Chauvin by failing to consult with him on this issue.

The second way Mr. Chauvin claims that Mr. Nelson was ineffective is related, though independent. Dr. Schaetzel urged that samples preserved from Mr. Floyd be tested for catecholamines and their metabolites, and that tissue sections of Mr. Floyd's heart be examined. These tests and examinations would support Dr. Schaetzel's opinion about what caused Mr. Floyd to die if high levels of catecholamines or their metabolites were discovered, or if the heart tissue showed evidence of Takotsubo's myocarditis. Mr. Nelson never requested these tests. Mr. Chauvin's second claim is thus not a failure-to-consult claim, but a failure-to-test claim.

Mr. Chauvin's discovery motion seeks to have the tests performed that could support Dr. Schaetzel's opinion of how Mr. Floyd died. Mr. Chauvin seeks to test various fluids from Mr. Floyd (vitreous fluid (also called aqueous humor), postmortem femoral blood, antemortem blood, and urine) for the concentration of fractionated catecholamines and metanephrine levels present. Mr. Chauvin also seeks to have Mr. Floyd's heart tissue slides and photographs of Mr. Floyd's heart examined to see if they show evidence of Takotsubo's myocarditis. In case the heart-tissue slides or their information are no longer available for analysis, or in case what slides are available are not sufficient to determine whether Takotsubo's myocarditis occurred, Mr. Chauvin also asks for access to the heart tissue blocks (heart tissue embedded in wax from which tissue slides are prepared) and any preserved heart tissue so that new heart tissue slides can be prepared. Mr. Chauvin notes that the autopsy report from the Hennepin County Medical

Examiner's Office (HCMEO) indicates that fluid from Mr. Floyd was "collected and retained," that "representative tissue biopsies are retained in formalin for microscopic examination," and that tissue slides from Mr. Floyd's heart were prepared. (Docket No. 564 (citing Docket No. 544-1).) And the Toxicology Report from NMS Labs shows that tests were done on Mr. Floyd's blood and urine, though not the tests that could support Dr. Schaetzel's opinion of Mr. Floyd's death. (Id.) The autopsy report also shows that antemortem blood was collected by HHC on 5-25-20.

Given the significant nature of the criminal case that Mr. Chauvin was convicted of, and given that the discovery that Mr. Chauvin seeks could support Dr. Schaetzel's opinion of how Mr. Floyd died, the Court finds that there is good cause to allow Mr. Chauvin to take the discovery that he seeks. Accordingly, the Court **GRANTS** Mr. Chauvin's Motion (Docket No. 564):

1. The defense shall be allowed to take discovery of any and all histology slides of Mr. Floyd's heart, tissue samples of Mr. Floyd's heart, tissue blocks containing heart tissue from Mr. Floyd, and recut sections of all autopsy tissue histology slides relating to Mr. Floyd's heart, possessed by the Hennepin County Medical Examiner's Office (HCMEO), or any entity that the HCMEO contracted with that has these materials;

2. The defense shall be allowed to inspect, examine, and make copies of any photographs taken of Mr. Floyd's heart; and

3. The defense shall be allowed to take quantities of certain fluids—vitreous fluid/aqueous humor, postmortem blood (including serum and/or plasma), antemortem blood (including serum and/or plasma), and urine—sufficient to test the concentration of fractionated catecholamines and metanephrine levels present that are possessed by the HCMEO, any entity that the HCMEO contracted with that has these materials, HHC, and NMS Labs. And Mr.

Chauvin is authorized to test these fluids for the concentration of fractionated catecholamines and metanephrine levels.

Date: December 15, 2024

s/Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge